IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY SOUTNER,** | : | **Civil No. 1:18-CV-271** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PENN STATE HEALTH, d/b/a** | : | |
| **The Milton Hershey Medical Center** | : | |
| | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the Court is the Report and Recommendation by Magistrate Judge
Martin C. Carlson (Doc. 49) recommending that Plaintiff Kelly Soutner's
("Soutner") motion for partial summary judgment (Doc. 23) be denied and that
Defendant Penn State Health's ("Hershey Medical") motion for summary judgment
(Doc. 26) be granted. For the reasons set forth below, the Report and
Recommendation will be adopted.

## I.     BACKGROUND

The court assumes the parties' familiarity with the facts. In brief, Soutner
worked for Hershey Medical as an administrative assistant from 2011 until her
termination in May 2016. During the relevant period, Soutner suffered from irritable
bowel syndrome and vertigo, and she requested and was approved for FMLA leave
for these issues. Specifically, Soutner was approved for intermittent FMLA leave

from September 30, 2014 to October 16, 2014; from October 20, 2014 to January 4, 2015; from January 5, 2015 to September 23, 2015; and from November 10, 2015 to September 23, 2016. (Doc. 24-2, pp. 4-5). Soutner had also applied and was approved for continuous FMLA leave from February 8, 2016 to February 10, 2016 (*Id.*, pp. 5-6).

Hershey Medical uses a third-party administrator, FMLASource, through which employees request and are approved for FMLA leave. (Doc. 24-2, p. 3.) Under Hershey Medical's FMLA policy, after an employee is approved by FMLASource for continuous or intermittent FMLA leave on certain dates, that employee must still report and designate their actual absence to FMLASource as FMLA leave within 24 hours of the absence. (Doc. 28-8, p. 7.) In addition, Hershey Medical's absence policy requires absent employees to call into a call-off line and leave a message reporting their absence and designating it as paid time off, FMLA, sick leave, or another type of leave. (Doc. 28-5.) Soutner had indisputable notice of these policies. After Soutner applied and was approved for FMLA leave, she received notifications informing her that she must comply with the company's FMLA and absence procedures, and Soutner herself left the answering message on the call-off line that instructed callers to specify which type of leave they were using. (Doc. 28-1, at 65-66; Doc. 28-8; Doc. 28-11, pp. 2-3; Doc. 28-14, pp. 2-3.)

As relevant here, despite being approved for FMLA leave in November 2015 and February and May 2016, upon using that leave, Soutner failed to timely designate and report doing so to FMLASource. Instead, she waited two months to designate her February 2016 absences, for example, and one week to designate her May 2016 absences. (Doc. 28-22.) Soutner also failed on those occasions to report and designate her absences as FMLA leave to Hershey Medical's call-off line. Instead, Soutner testified that she would leave a message on the call-off line that her absences were due to her vertigo or intestinal issues, rather than her approved FMLA leave. (Doc. 24-6, p. 63:13-16; 64:5-7.) For her May 15, 2016 absence, after Soutner came to work briefly and left before 8:00 am, she informed her supervisor more than two hours later by email without using the call-off line, and Hershey Medical considered her to have abandoned her shift. (Doc. 28-17; Doc. 28-20.) Soutner previously received various warnings and had discussions with her supervisor regarding the need to follow the absence policies, including in March 2014, November 2014, July 2015, and February 2016. (Doc. 28, pp. 6-11.) On May 17, 2016, after Soutner failed to timely report and designate her absence once again, Hershey Medical terminated her on May 18, 2016 for accruing eight unscheduled absences in a rolling calendar year. (Doc. 28-17.)

Soutner initiated this action by filing a complaint in February 2018, which she subsequently amended in November 2018. The amended complaint asserts claims

against Hershey Medical for unlawful interference and retaliation under the FMLA, unlawful discrimination and retaliation under the Pennsylvania Human Relations Act ("PHRA") and the Americans with Disabilities Act ("ADA"), and failure to accommodate under the ADA.

The parties filed cross motions for summary judgment, which were referred to a magistrate judge pursuant to 28 U.S.C. §636(b). (Doc. 23, Doc. 26, Doc. 48.) On February 13, 2020, Judge Carlson issued a Report and Recommendation recommending that Soutner's motion for partial summary judgment be denied, that Hershey Medical's motion for summary judgment be granted, and that all of Soutner's claims accordingly be dismissed. (Doc. 49.) Soutner filed timely objections (Doc. 50) and Hershey Medical responded. (Doc. 51.) The matter is thus ripe for review.

## II. DISCUSSION

### a. Hershey Medical is entitled to summary judgment on Soutner's FMLA interference claim.

The Report and Recommendation recommends dismissing Soutner's FLMA interference claim. To make out an FMLA interference claim, the plaintiff must establish:

> he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the

4

plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Capps v. Mondelez Global, LLC*, 847 F.3d 144, 155 (3d Cir. 2017) (citation omitted).

According to the Report and Recommendation, it is undisputed that on several occasions, Soutner failed to follow Hershey Medical's notice policies for reporting and designating FMLA leave to the call-off line and the third-party administrator. The Report and Recommendation therefore recommends finding that Soutner's FMLA claim "fails as a matter of law on the fourth element . . . the requirement that the plaintiff give proper notice to the defendant of her intention to take FMLA leave." (Doc. 49 p. 17 (*citing Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014).)

Soutner objects to the Report and Recommendation's finding that she did not properly provide notice of her FMLA leave.[1] According to Soutner, she satisfied the FMLA's notice regulations by timely calling Hershey Medical's call-off-line and reporting that her absences were due to a specific "qualifying reason" for leave. *See* 29 C.F.R. §§ 825.302(c), 825.303(b). This argument is unavailing. Under the FMLA, Soutner was required to comply with Hershey Medical's "usual and customary notice and procedural requirements for requesting leave." 29 C.F.R. §§ 825.302(d),

---

[1] Soutner makes other various arguments. She points out that under FMLA regulations, failure to adhere to an employer's call-out procedures may result in denial *or delay* of benefits, and the Report and Recommendation merely acknowledges the former. (Doc. 50, p. 4.) This argument is unavailing, as it does not change the undisputed fact that Soutner failed to properly report and designate her absences. Soutner also stresses that her May 16, 2016 and May 17, 2016 absences were retroactively approved as qualifying FMLA leave.

5

825.303(c). The regulation "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements, absent unusual circumstances." *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 614 (6th Cir. 2013). One of Hershey's notice and procedural requirements was the rule that, after being approved for FMLA leave by the FMLA administrator, employees including Soutner must timely report and designate their FMLA absence to Hershey Medical's call-off line and the administrator. There is no genuine issue of fact that Soutner failed to do so. The evidence establishes that Soutner waited weeks or months to designate her FMLA leave with the third-party administrator, that Soutner failed to call into the call-off line for her May 2016 absence after she abandoned her shift, and that on those occasions when Soutner did call in, she failed to inform Hershey Medical of her FMLA designation.

Soutner's argument that she complied with some of the FMLA regulations by calling into the call-off line and providing details of her qualified reason ignores the fact that employers may impose additional requirements on the employee to provide notice of FMLA leave. *Id.* ("[A]n employer may impose and enforce its own internal notice requirements, even if those requirements go beyond the bare minimum that would generally be sufficient under the FMLA to constitute proper notice."); *Int'l Bhd. of Elec. Workers Local 1600 v. PPL Elec. Utilities Corp.,* No. 5:16-CV-04675,

2017 WL 6547138, at *5 (E.D. Pa. Dec. 22, 2017) (holding that the FMLA does not forbid an "employer requiring additional procedures for giving notice of FMLA leave. Put differently, the 'usual and customary' requirements act as a floor, not a ceiling").

Soutner's claim that she complied with FMLA regulations for invoking her FMLA rights by calling into the call-off line and stating her qualified reason for leave, despite Hershey Medical's more stringent call-off procedures, also conflates the approval of FMLA leave with the subsequent designation and notice of that leave. For each absence date in question, there is no dispute that Soutner had already requested and been approved to take intermittent or continuous FMLA leave. Thereafter, Hershey Medical was free to impose additional reasonable notice requirements for the designation and reporting of that leave, and "an employer does not 'interfere' if it enforces its internal leave policy." *Foye v. SEPTA*, No. 15-cv-1036, 2017 WL 1150259, at *16 (E.D. Pa. Mar. 28, 2017).

In addition, courts routinely hold that where, as here, an employee violates an employer's policy by failing to properly inform a third-party FMLA administrator of an absence, the employer is within its right to deny leave. *See Int'l Bhd. of Elec. Workers Local 1600,* 2017 WL 6547138 at *1 ("If an employee is using FMLA leave…she must make a three- to five-minute phone call to a third-party administrator in addition to calling her supervisor. This Court must decide whether

7

this arrangement violates the FMLA. It concludes that it does not."); *Szostek v. Drexel Univ.,* No. CIV.A. 12-2921, 2013 WL 4857989, at \*12 (E.D. Pa. Sept. 11, 2013) ("Plaintiff would have been entitled to FMLA leave if he had timely reported to [the FMLA administrator]. Plaintiff had every reason to know…that he needed to report FMLA-related absences to [the FMLA administrator]. Plaintiff was not entitled to benefits under the FMLA for these dates because he did not follow reporting procedure."); *Perry v. Am. Red Cross Blood Servs.,* 651 F. App'x. 317, 328 (6th Cir. 2016) (finding that the plaintiff was not denied benefits to which she was entitled where she failed to report listed absences as FMLA leave to FMLA administrator); *Reese v. Zimmer Prod., Inc.,* No. 1:17-CV-105-TLS, 2018 WL 4510453, at \*4 (N.D. Ind. Sept. 19, 2018) (holding that an employee's failure to contact FMLA administrator placed employer "within its right to deny leave").

Given the undisputed evidence that Soutner failed to comply with Hershey Medical Department policies regarding the designating and reporting of absences, Soutner cannot show that she was denied FMLA leave to which she was entitled and thus cannot prevail on her FMLA claim. The Report and Recommendation's recommendation that Soutner's FMLA claim be dismissed will therefore be adopted.

### b. **Hershey Medical is entitled to summary judgment on Soutner's FMLA retaliation claim.**

The Report and Recommendation also recommends dismissing Soutner's FLMA retaliation claim. "To prevail on a retaliation claim under the FMLA, the

plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pitt. Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012).

The Report and Recommendation recommends dismissing Soutner's retaliation claim because she failed to comply with Hershey Medical's policies for designating and reporting FMLA leave. According to the Report and Recommendation, as a result, Soutner cannot establish a prima facie case because she has not shown that she properly invoked her rights to FMLA qualifying leave. In addition, the Report and Recommendation recommends finding that "because Soutner's February 2016 absences were never designated as FMLA leave, the defendant's consideration of these absences as part of Soutner's termination cannot be considered retaliation for Soutner's use of FMLA leave." (Doc. 49, p. 19.)

As with her FMLA interference claim, Soutner objects and argues that the Report and Recommendation incorrectly concludes that she did not give proper notice regarding her intent to report and designate her absences as FMLA leave. As detailed above, the court rejects this argument. Soutner also argues that the Report and Recommendation wrongly finds that her February 8th and 9th absences were not designated as FMLA leave, when in fact they were designated as such more than one month prior to her termination. However, regardless of whether the absences were

eventually designated, Soutner was nevertheless still required to *timely* report and designate them in accordance with Hershey Medical's policies. *See Pellegrino v. Commc'ns Workers of Am.*, 478 F. App'x 742, 745 (3d Cir. 2012).

Soutner further claims that various pieces of the record show that Hershey Medical considered her FMLA qualifying absences as negative factors in deciding to terminate her, including her designation of the two February 2016 absences as FMLA leave, her supervisor's deposition testimony that she based her termination decision in part on Soutner's February absences, and her supervisor's knowledge that Soutner had been approved for the FMLA leave. The court is unconvinced. While Soutner designated her February absences just one month before she was terminated, that temporal proximity loses all probative value in the face of overwhelming evidence that that the triggering event for Soutner's termination was her accrual of eight unreported absences, including those exact February absences and well as those accrued thereafter in May. Similarly, as Hershey Medical correctly points out, Soutner's supervisor's consideration of the February absences in reaching her termination decision came in the context of Soutner's failure to timely designate them—Hershey Medical had already approved the leave through the FMLA administrator. Accordingly, the Report and Recommendation's recommendation that Soutner's FMLA retaliation claim be dismissed will be adopted insofar as it

finds that Soutner cannot show that she properly invoked her right to FMLA qualifying leave.

Additionally, for the same reasons, Soutner is not entitled to summary judgment on her retaliation claim. Soutner's motion for partial summary judgment argues that she is entitled to summary judgment because there is no issue of fact that she was terminated because of her two February 2016 absences. Once again however, there is no dispute that Soutner designated those absences to the administrator more than two months after she was required to under Hershey Medical's FMLA policies, and that Soutner did not properly inform Hershey Medical itself via the call-off line that her absences were due to her approved FMLA leave. The evidence that Soutner points to in the record does not support her motion. Instead, it shows that when Hershey Medical made its termination decision, it had already approved Soutner's FMLA leave through the administrator, and it considered Soutner's February absences as a "negative factor" only inasmuch as she failed to properly report them. Soutner has not shown that she properly invoked her rights under the FMLA since she did not comply with Hershey Medical's FMLA policy, and she cannot establish a causal connection between any invocation of FMLA rights and her termination. Soutner's motion will therefore be denied.

**c. Hershey Medical is entitled to summary judgment on Soutner's failure to accommodate claim.**

The Report and Recommendation recommends dismissing Soutner's ADA failure to accommodate claim. "To establish a prima facie case of discrimination under the ADA, a plaintiff must show, inter alia, that she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer." *Colwell v. Rite Aid Corp*., 602 F.3d 495, 504 (3d Cir. 2010). An employee can establish an employer's breach of its duty to provide reasonable accommodations by failing to engage in good faith in the interactive process by showing:

> 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

*Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 772 (3d Cir. 2004).

According to the Report and Recommendation, Soutner cannot succeed on her failure to accommodate claim because she cannot show that Hershey Medical failed to grant her request for a reasonable accommodation, or that it failed to engage in an interactive process with her. The record shows that Soutner asked for FMLA leave and that she was able to take such leave, subject to Hershey Medical's reporting policies. In addition, Soutner's supervisor met with her multiple times to discuss Soutner's need to take leave for disability purposes, in which Soutner's

12

supervisor reiterated that Soutner could use appropriate FMLA leave so long as she complied with Hershey Medical's policies.

Soutner objects. She argues that Hershey Medical is not entitled to summary judgment on her failure to accommodate claim because there is an issue of fact as to whether it engaged in a good faith interactive process. Soutner points out that after leaving work early on May 16, 2016, she informed her supervisor by email that she was experiencing intestinal distress, and Soutner's supervisor was aware that Soutner had previously called out and at times been approved for FMLA for similar issues. However, rather than engage in an interactive process, Soutner's supervisor terminated her. Put differently, Soutner claims that Hershey Medical "sat by while Plaintiff accrued absences because of her gastrointestinal disability, simply documented Plaintiff's absences, and then terminated Plaintiff."

These facts do not support an ADA claim. There is absolutely no evidence in the record that Soutner ever sought an accommodation or assistance that was denied. Soutner requested FMLA leave and it was approved each time. Her termination was for not subsequently *reporting* and designating that leave properly. Moreover, there is no evidence that Soutner ever requested an accommodation in the form of a relaxation of the designation and reporting requirements, or that she ever informed Hershey Medical that her disabilities prevented her from complying with the policy. *See Torres v. Cty. of Berks*, No. 5:17-CV-01890, 2018 WL 564406, at *7 (E.D. Pa.

13

Jan. 26, 2018) (rejecting failure to accommodate claim based on employer's alleged failure to give "any leeway in calling out late" where the employee never informed the employer that her disabilities prevented her from following the normal policy). Further, the evidence that does exist shows that Soutner's supervisor met with her on several occasions to discuss her unexcused absences, the possibility of applying for FMLA leave, and to warn Soutner against accruing additional unscheduled absences. (Doc. 28, p. 6; *see also* Doc. 28, at 7-11.) The Report and Recommendation's recommendation that Soutner's failure to accommodate claim be dismissed will therefore be adopted.

### d. **Hershey Medical is entitled to summary judgment on Soutner's ADA and PHRA claims.**

The Report and Recommendation also recommends dismissing Soutner's ADA and PHRA discrimination and retaliation claims. "In order to establish a *prima facie* case of illegal retaliation under the anti-discrimination statutes, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Williams v. Phila. Housing Authority Police Dept.*, 380 F.3d 751, 759 (3d Cir. 2004) (internal quotation marks, brackets and citations omitted).

"[I]n order for a plaintiff to establish a prima facie case of discrimination under the ADA, the plaintiff must show: (1) he is a disabled person within the

meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

The Report and Recommendation finds that Soutner has not made a prima facie showing of retaliation because she cannot establish that a causal connection exists with her requests for, or use of, FMLA leave. Soutner's requests for FMLA leave were consistently granted and, as discussed above, Soutner thereafter repeatedly failed to properly report her FMLA absences. The Report and Recommendation also finds that even if Soutner could establish a prima facie case of retaliation or discrimination, Hershey Medical has proffered a legitimate reason for her termination—her continuous violations of Hershey Medical attendance policy—and Soutner has not shown any evidence of pretext.

Soutner objects and argues that Hershey Medical is not entitled to summary judgment on her ADA/PHRA discrimination claims because there is an issue of fact as to whether she was terminated because of her disability. However, the evidence she marshals in support fails to show one. Soutner claims that her supervisor was annoyed that she had to leave work early for therapy, but that assertion is based solely on Soutner's subjective beliefs. (Doc. 24, p. 93:15-18.) Nor can Soutner draw the requisite causal connection between her disability and her termination purely by

way of the fact that Soutner's supervisor had knowledge of Soutner's condition and that some of the absences for which she was terminated were protected under FMLA. As discussed above, the evidence shows that Soutner was terminated for failing to report those very absences after they had already been approved for FMLA leave, and that Soutner's supervisor met with her multiple times regarding the need to follow absence procedures—and even encouraged Soutner's proper use of FMLA leave. (Doc. 24-12; Doc. 24-13.)

For substantially the same reasons, the Report and Recommendation also correctly determines that even if Soutner could establish a prima facie discrimination or retaliation claim, Hershey Medical has proffered a legitimate reason for its termination decision. As discussed at length herein and in the Report and Recommendation, Soutner failed to comply with company policies for reporting her absences. Soutner's claim that Hershey Medical considered her two February 2016 FMLA "absences" to support its termination decision is not persuasive, as the evidence to which Soutner cites actually shows that Hershey Medical approved her FMLA leave through its administrator, and that Soutner's subsequent failure to properly *report* those absences formed the basis for her termination. (*See* Doc. 28-7, pp. 64:4-25, 81:3-11; *see also* Doc. 28-17.) Hershey Medical's legitimate reason is also strongly supported by the record evidence showing that Soutner was repeatedly warned against violating its FMLA and absence procedures. (Doc. 28-4,

pp. 41-43, 52-55; Doc. 28-12; Doc. 28-13; Doc. 28-14.) As the Report and Recommendation also properly finds, Soutner has made no showing that Hershey Medical's proffered reason is pretext.

Soutner also objects and argues that she can establish a retaliation claim insofar as she engaged in a protected activity by utilizing FMLA protected leave for four total days in February and May 2016, and that the requisite causal connection exists because she was terminated just one day after her May 2016 absences. This argument fails for the same reasons articulated above and outlined in the Report and Recommendation. Soutner cannot establish a causal connection because there is no evidence that her exercise of FMLA protected leave, rather than her failure to report that leave, was among the bases for her termination. *See Foye*, 2017 WL 1150259 at *18 (finding that no reasonable jury could infer causation where employer FMLA benefits were denied in accordance with company requirements). The evidence shows just the opposite. Soutner was consistently approved for FMLA leave, repeatedly encouraged to comply with Hershey Medical absence policies, and warned multiple times regarding her failure to do so. Also, the close temporal connection between Soutner's May 2016 absence and her termination means little given that Hershey Medical's reason for her termination was based (in part) on Soutner walking off work that day without informing the call-off line, and her failing to report and designate that absence to the third-party administrator. The Report and

17

Recommendation's recommendation that Soutner's ADA and PHRA claims be dismissed will therefore be adopted. [2]

## III. CONCLUSION

For the reasons set forth above, the Report and Recommendation will be adopted and Soutner's complaint will be dismissed with prejudice. An appropriate order shall follow.

> */s/ Sylvia H. Rambo*
> SYLVIA H. RAMBO
> United States District Judge

Dated: March 31, 2020

---

[2] Soutner's alternative argument that her retaliation claim should be permitted to proceed to a jury under a mixed motives theory is without merit because Soutner has not introduced any direct evidence to indicate that in reaching its termination decision, Hershey Medical considered anything other than Soutner's failure to report and designate her absences. *See Buchsbaum v. Univ. Physicians Plan*, 55 F. App'x 40, 45 (3d Cir. 2002); *Duran v. Cty. of Clinton,* 380 F. Supp. 3d 440, 454 (M.D. Pa. 2019).